273 A.2d 491.

J. WARNER MURRAY, *Adm'r vs.* GORDON P. REMUCK *et al.*

FEBRUARY 12, 1971.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

PAOLINO, J. The plaintiff is the administrator of the estate of James W. Murray, Jr., who died as the result of injuries suffered in an automobile accident with a motor vehicle operated by the defendant Gordon P. Remuck, an uninsured motorist. The plaintiff brought this action for wrongful death under G. L. 1956 (1969 Reenactment) chap. 7 of title .10, against the defendant Remuck[1] and decedent's insurance carrier, United States Fidelity and Guaranty Company, under the uninsured motorists clauses of two policies issued by the latter. The case was heard before a justice of the Superior Court sitting without a jury and resulted in a judgment for the plaintiff for $10,-000 plus interest under the uninsured motorist provisions of one of the policies. The case is before us on appeals filed by both the plaintiff and the defendant insurance company.

The accident involved in this case occurred on May 3, 1968. The decedent was operating a car registered to Pomfret Motors, Inc., a corporation then engaged in the automobile business. At the time of the accident, decedent was an employee of the corporation, and an owner of 50 per cent of its stock. The suit against the insurance company was brought under the provisions of the uninsured motorists clauses of two policies; one issued to Pomfret Motors, Inc., and the other to Murray Worsted Spinning Company, Inc., a wool-spinning business, in which decedent was a designated insured. We shall hereinafter refer to these as the Pomfret policy and the Murray policy.

---

[1] Gordon P. Remuck brought a cross action against plaintiff, which resulted in the entry of a judgment against Remuck from which the latter did not appeal.

## Pertinent Statutes

General Laws 1956 (1968 Reenactment) §31-32-24(b)(2), as amended by P. L. 1968, chap. 7, sec. 2, provides that motor vehicle liability policies must have minimum coverage of $10,000 for injuries or death sustained by any one person and $20,000 for any one accident resulting in injuries or death to more than one person. Our safety responsibility law requires the same minimum coverages, §31-31-7[2] (1968 Reenactment), as amended by P. L. 1968, chap. 7, sec. 4. Since 1962 uninsured motorist insurance has been required with the same minimum limits under §27-7-2.1,[3] as amended by P. L. 1970, chap. 275, sec. 1.

## Pertinent Policy Provisions

The Pomfret policy, in addition to being a comprehensive general automobile liability insurance policy, is also a garagekeepers' legal liability policy and auto dealers'

---

[2]Section 31-31-7, in pertinent part, reads as follows:

"Requirements as to policy or bond.—(a) No policy or bond shall be effective * * * unless such * * * is subject * * * to a limit * * * of not less than ten thousand dollars ($10,000) because of bodily injury to or death of one (1) person, in any one (1) accident and subject * * * to a limit of not less than twenty thousand dollars ($20,000) because of bodily injury to or death of two (2) or more persons in any one (1) accident * * *."

[3]Section 27-7-2.1, in pertinent part, reads as follows:

"Uninsured motorist coverage.—No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered * * * unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in §31-31-7 as amended, under provisions approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, provided that the named insured shall have the right to reject such coverage."

physical damage policy. The Murray policy, in addition to comprehensive general automobile liability coverage, also includes endorsements protecting the insured from general liability that might be incurred in its business, and insuring certain factory buildings. Despite these differences, both policies had insurance endorsements protecting the insureds against uninsured motorists.

The Pomfret policy contains the following provision:

"E. Other Insurance With respect to bodily injury to an Insured while occupying a highway vehicle not owned by the Named Insured, this insurance shall apply only as excess insurance over any other similar insurance available to such Insured and applicable to such vehicle as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

"Except as provided in the foregoing paragraph, if the Insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

The Murray policy includes a similar provision with respect to "Other Insurance," and also contains the following exclusion:

"2. Exclusions
"This insurance does not apply:
* * *

"(b) to any Insured while employed in or otherwise engaged in duties in connection with an automobile business * * *."

At the hearing in the Superior Court it was determined that Remuck was an uninsured motorist and that his negligence was the sole cause of decedent's death. It was stipulated that damages awardable to decedent's estate exceeded the sum of $20,000. The plaintiff argued there, as he does here, that decedent's estate was entitled to recover under the uninsured motorists provisions of both policies and that it was entitled to a judgment for $20,000.

The trial justice filed a written decision. He held that the provisions of "other insurance" in each of the policies " * * * which attempt to permit insurers to reduce or limit their liability under uninsured motorists clause * * *" were repugnant to the objectives of §27-7-2.1 requiring that all insurance policies issued or delivered in this state include uninsured motorist coverage. He said that if "other insurance" was the only issue in this case, he would allow plaintiff to recover under both policies to the amount of $20,000.

He found as a fact that decedent was engaged in duties connected with the automobile business. He then held that in view of the express exclusionary language in the Murray policy, plaintiff could not recover under the uninsured motorists clause of that policy. He found that the exclusionary clause was not repugnant to public policy or to the statutes of our state. Accordingly, he concluded that plaintiff could recover the sum of $10,000 from the United States Fidelity and Guaranty Company under the provisions of the uninsured motorists clause of the Pomfret policy. A judgment in accordance with his decision was then entered. Remuck did not appeal. The case is here on plaintiff's appeal and also on an appeal filed by defendant insurance company. The defendant does not attack the amount of the judgment awarded to plaintiff. In its claim of appeal defendant expressly states that it is appealing from that portion of the trial justice's decision deciding that "If 'other insurance' was the only issue in

this case, I would allow the plaintiff to recover under both policies to the amount of Twenty Thousand ($20,000.00.) Dollars.

The parties have stipulated that the findings of fact made by the trial justice are conclusive and that recovery under each policy is limited to $10,000. They also stipulated that the only issue to be decided by this court is the construction of the policies and whether decedent's estate is entitled to $10,000 or to $20,000 under the uninsured motorists provisions of said policies, in light of our uninsured motorist statute §27-7-2.1.

The plaintiff argues that the specific "automobile business" exclusionary clause in the Murray policy does not apply to the uninsured motorists coverage. This argument is without merit. The exclusionary language means exactly what it says, namely, that the insurance coverage of the policy does not apply to "(b) to any Insured while employed in or otherwise engaged in duties in connection with an automobile business * * *." This language is clear and unambiguous and requires no construction. It excludes *all insurance coverage* to an insured under the policy while employed or engaged in an automobile business. Under §27-7-2.1 an insured is entitled to uninsured motorist coverage, unless he rejects it, but only so long as he has general motor vehicle liability coverage under a policy issued to him. Compare *Aldcroft* v. *Fidelity and Casualty Co.,* 106 R. I. 311, 259 A.2d 408. Once he ceases to have such general motor vehicle liability coverage, he is no longer entitled to the uninsured motorists coverage.

The plaintiff next argues that even if the exclusion is applicable, it is against public policy and against state law. Under the provisions of the Murray policy, the parties entered into a contract of insurance which provided that the coverage provided thereunder would not apply to any insured employed or engaged in an automobile business.

There is nothing in such exclusion contrary to public policy or to the mandate of §27-7-2.1. The exclusion has no effect on the requirement of §27-7-2.1. We agree with the conclusion of the trial justice as to this issue. Since our decision with respect to the plaintiff's appeal is dispositive of this case, it becomes unnecessary to consider the issues raised by the defendant's appeal.

The plaintiff's appeal is denied and dismissed; the appeal of the defendant is denied pro forma; and the judgment awarding the plaintiff the sum of $10,000 is affirmed.

KELLEHER, J., did not participate.

Irving I. Zimmerman, for plaintiff.

Francis A. Kelleher, for United State Fidelity and Guaranty Company, defendant.