379 A.2d 362.

WILLIAM POULOS *vs.* AETNA CASUALTY & SURETY CO.

OCTOBER 31, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C.J. This is a civil action founded on an insurance contract. The case was heard in Superior Court without a jury upon an agreed statement of facts. Judgment was entered for the defendant, and the plaintiff brought this appeal.

On March 27, 1970, plaintiff Poulos, then an employee of a Rhode Island corporation, was severely injured when he was struck by a bridge gate which had, in turn, been struck by a car negligently operated by an underinsured Massachusetts motorist.[1] The plaintiff was hospitalized until May 16, 1970, and for several shorter periods thereafter. Although the record does not establish the amount of plaintiff's actual losses, it is agreed that they exceed his recovery. He received $24,981 in workmen's compensation disability benefits from his employer's workmen's compensation insurer, which also paid $8,410 of his medical bills; and he received $5,000 from the tortfeasor's liability insurer, which was paid over to the workmen's compensation insurer.[2]

---

[1]The Massachusetts motor vehicle was insured for $5,000, the minimum required under Massachusetts law at the time of the accident. Under Rhode Island Law, the minimum required liability insurance at that time was $10,000. General Laws 1956 (1968 Reenactment) §31-31-7. We have held that motorists insured for less than the statutory minimum are uninsured motorists to the extent that the liability limits of the policy are less than the required minimum. *Allstate Ins. Co.* v. *Fusco*, 101 R.I. 350, 223 A.2d 447 (1966).

[2]General Laws 1956 (1968 Reenactment) §28-35-58 requires an injured workman who recovers from an insured tortfeasor to reimburse the workmen's compensation insurer for workmen's compensation benefits received.

The plaintiff also recovered from his own automobile liability insurer, defendant Aetna Casualty and Surety Company (Aetna) under his uninsured motorist coverage, and it is the amount of that payment which forms the basis of the present dispute. The policy states that Aetna will pay, up to $20,000, "all sums which the Insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle ***.

Under a "Limits of Liability" section, the policy provides that "[a]ny amount payable under the Uninsured Motorists Coverage * * * shall be reduced by * * * the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law." Aetna took the position that it could deduct amounts received as workmen's compensation benefits from the $20,000 maximum liability of the policy, so long as it paid the amount mandated by the uninsured motorist statute, G.L. 1956 (1968 Reenactment) §27-7-2.1.[3] Aetna therefore paid plaintiff $10,000. The plaintiff then instituted this action in Superior Court, claiming that the workmen's compensation deduction clause was void as against the public policy and that defendant Aetna had breached its contract to pay plaintiff $20,000. The trial justice decided that the workmen's compensation deduction clause was a valid contractual limitation which authorized deduction of benefits down to the

---

[3]General Laws 1956 (1968 Reenactment) §27-7-2.1 reads in pertinent part: "No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in §31-31-7 as amended, under provisions approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover ddamages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, provided that the named insured shall have the right to reject such coverage."

$10,000 statutory minimum. Judgment was entered for defendant, and plaintiff now appeals.

The question before this court is whether a clause reducing payments under an uninsured motorist policy by the amount paid or payable to the insured as workmen's compensation benefits is contrary to public policy where the clause applies only to that amount of coverage which is in excess of the amount mandated by the statute but allows deduction regardless of whether the insured has been fully compensated for actual loss.

We have held that contracts for uninsured motorist coverage must be construed in light of the public policy as mandated by the Legislature. *Allstate Ins. Co.* v. *Fusco*, 101 R.I. 350, 223 A.2d 447 (1966). In *Pickering* v. *American Employers Ins. Co.*, 109 R.I. 143, 152, 282 A.2d 584, 590 (1971), this court found that in enacting §27-7-2.1 the Legislature intended to protect an insured against his actual loss. "[W]e emphasize that our statute allows recovery of the full amount of the coverage so long as the amount of the recovery does not exceed the amount of the insured's actual loss." *Id.* at 153, 282 A.2d at 590.

The defendant argues that since the *Pickering* case addressed an insurer's attempt to limit its liability to less than the $10,000 then mandated by the statute, the language of *Pickering* applies only where the insurer seeks to pay less than the statutory minimum. We cannot agree. If the purpose of the statute is to provide protection against actual loss, then a deduction for workmen's compensation benefits which leaves the policyholder without full protection against this actual loss violates the public policy of the statute even though the insured received the $10,000.

In support of its argument defendant relies heavily on cases allowing insurance companies to use this standard deduction clause to limit policy payments to less than the statutory minimum. Rhode Island has prohibited such an

interpretation of the deduction clause. *Aldcroft* v. *Fidelity & Cas. Co.*, 106 R.I. 311, 259 A.2d 408 (1969). More important, this court has rejected the underlying construction of the public policy of the uninsured motorist statute upon which such cases rest. *Compare, e.g., Ullman* v. *Wolverine Ins. Co.*, 48 Ill.2d 1, 269 N.E.2d 295 (1970) *with Pickering* v. *American Employers Ins. Co., supra.* Deductions which allow the insurer to pay less than the amount fixed by the uninsured motorist statute have been allowed where the court has found the purpose of the statute is to provide protection, regardless of the source, only up to the statutory limit. *Hackman* v. *American Mut. Liab. Ins. Co.*, 110 N.H. 87, 90, 261 A.2d 433, 436 (1970). Such deductions have also been allowed by some courts which find that the legislative purpose is to place the injured policyholder in the same position he would have been if the tortfeasor had carried liability insurance; they reason that allowing the deduction best accomplishes this purpose, since injured motorists who recover from insured motorists are required by workmen's compensation statutes to repay the compensation carrier. *E.g., Ullman* v. *Wolverine Ins. Co., supra; contra, Standard Accident Ins. Co.* v. *Gavin*, 184 So.2d 229 (Fla. Dist. Ct. App. 1966); *Peterson* v. *State Farm Mut. Auto. Ins. Co.*, 238 Ore.106, 393 P.2d 651 (1964).

However, unlike the *Hackman* court, this court has found that 27-7-2.1 does not establish a maximum standard of protection. "There is no ceiling upon the insured's right of recovery." *Pickering* v. *American Employers Ins. Co., supra* at 152, 282 A.2d at 590. Moreover, this court has not interpreted the purpose of the uninsured motorist statute as an attempt to equate the position of one who recovers from his own insurance company with the position of one who recovers liabilty insurance from the tortfeasor's insurance company. In the *Pickering* case we pointed out that "[u]ninsured motorists insurance is not liability insurance." *id.* at 147, 282 A.2d at 587. It is a compensation policy intended

to protect the insured against his actual losses. *Id.* at 152, 282 A.2d at 590.

Aetna also contends that its deduction clause furthers the public policy against double recovery. It points to our holding in *McArthur* v. *Dutee W. Flint Oil Co.,* 50 R.I. 226, 146 A. 484 (1929), that the legislative purpose of §28-35-58, which requires an injured workman who recovers from an insured tortfeasor to repay the workmen's compensation insurer for benefits he received, is to prevent double recovery. Aetna argues that since an injured workman who collects under his own uninsured motorist insurance contract is not subject to subrogation under §28-35-58,[4] the public policy against double recovery is best preserved by allowing the deduction. We do not agree.

It is true that the public policy expressed in §27-7-2.1 mitigates against double recovery. "[O]ur statute allows recovery of the full amount of the coverage *so long as the amount of the recovery does not exceed the amount of the insured's actual loss." Pickering* v. *American Employers Ins. Co., supra* at 153, 282 A.2d at 590 (emphasis added). However, as the facts of the instant case demonstrate, under defendant's interpretation of the deduction clause, workmen's compensation benefits would be deducted both where the insured does not receive a double recovery, and where the insured is not fully compensated for actual loss.

We are of the opinion that the public policies of protection for actual losses of the insured and prevention of double recovery require an interpretation of the clause to allow the deduction of workmen's compensation benefits only to the extent that such benefits represent a double recovery. The District of Columbia Court of Appeals considers this interpretation of the deduction clause to be the one most reasonably drawn from policy language itself. *American*

---

[4]*See Fireman's Fund Ins. Co.* v. *Lubash,* 95 R.I. 311, 186 A.2d 722 (1962).

*Ins. Co.* v. *Tutt,* 314 A.2d 481 (App. D.C. 1974); *accord, Michigan Mut. Liab. Co.* v. *Mesner,* 2 Mich. App. 350, 139 N.W.2d 913 (1966); *contra, Jarrett* v. *Allstate Ins. Co.,* 209 Cal. App.2d 804, 26 Cal. Rptr. 231 (1962). This interpretation is considered to best serve the principle of just indemnification, in that full protection is available for the insured's actual loss without the possibility of double recovery. Widiss, *Perspectives on Uninsured Motorist Coverage,* 62 NW. U.L. Rev. 497, 520-21 (1967); 26 Ark. L. Rev. 570, 579 (1973). Thus we hold that the deduction clause entitles the defendant to deduct workmen's compensation benefits from the insured's total damages rather than from the face value of the policy.[5]

The plaintiff's appeal is sustained, the judgment appealed from is reversed, and the case is remanded to Superior Court for further proceedings in accordance with this opinion.

*DiMascolo & DiPetrillo, Anthony DiPetrillo,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Thomas D. Gidley,* for defendant.

---

[5]The insurer may not utilize this deduction to reduce its payment to less than the minimum amount mandated by statute. *Aldcroft* v. *Fidelity & Cas. Co.,* 106 R.I. 311, 259 A.2d 408 (1969).