383 A.2d 1005.

THE EMPLOYERS' FIRE INSURANCE COMPANY *et al. vs.*
LORI E. BAKER *et al.*

MARCH 2, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is an appeal by the plaintiffs, The Employers' Fire Insurance Company (Employers) and American Employers' Insurance Company (American) and the defendant York Insurance Company (York), from a judgment entered in the Superior Court. This judgment denied motions for summary judgment made by the plaintiffs and York in a declaratory judgment action and granted the motion for summary judgment made by the defendant Lori E. Baker in the same action.

The facts in this case are uncontested. On June 15, 1974, defendant Baker, while operating a motorcycle owned by and registered to her, was injured by a van operated by an uninsured motorist. Sometime prior to the accident, defend-

ant York had issued to Ms. Baker a "Special Package Automobile Policy," effective June 1, 1974, in which a Ford Mustang was listed as the only insured vehicle. She brought suit against York, claiming that she was entitled to damages under the uninsured motorist coverage of her policy.[1] York has denied coverage asserting that exclusion (p) of its policy is applicable under the circumstances of this case. That portion of the policy reads as follows:

> "Exclusions: This policy does not apply:
> * * *
>
> "Under the Uninsured Motorists Coverage,
>> (p) to bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured or by any person resident in the same household who is related to the named insured by blood, marriage or adoption, or through being struck by such a vehicle."

Under the York policy a "highway vehicle" is defined as "a land motor vehicle or trailer."

Additionally, Baker alleges that on the date of the accident she was a resident of the same household as her father. As of June 15, 1974, two policies issued to her father were in full force and effect, a family combination automobile policy issued by plaintiff Employers and an automobile liability and physical damage policy issued by plaintiff American. Baker has brought suit against both Employers and American under the uninsured motorist coverage of their respective policies.[2] American and Employers do not

---

[1] The limit of liability under York's uninsured motorist coverage is $20,000 for each accident.

[2] The limit of liability under both the Employers and American uninsured motorist coverage is $10,000 (each person) and $20,000 (each accident).

deny coverage[3] but assert that the York policy is primary in this case and that their policies should be construed as excess coverage over that provided by York. They rely on the "other insurance" clauses in their respective policies.

The Employers clause is located in Part IV, entitled Protection Against Uninsured Motorists, and provides as follows:

> "Other Insurance: With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance."

The American clause is located in paragraph 7, entitled Conditions, applicable to uninsured motorist coverage, and provides as follows:

> "7. Other Insurance: With respect to bodily injury to an insured while occupying an automobile not owned by the principal named insured, the insurance under this endorsement shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance."

---

[3]Both Employers and American have uninsured motorist exclusions similar to the one contained in the York policy, but there is one substantial difference. The Employers and American clauses exclude coverage when the insured is injured "while occupying an automobile (other than an insured automobile) owned by the/a named insured * * * ." Since a motorcycle has almost never been considered to be an "automobile" within the meaning of such exclusion clauses, *see* 7 Appleman, *Insurance Law and Practice* §4331, n.21 at 241-421 (Supp. 1977), in the circumstances of this case said clauses do not appear to preclude Baker from recovering under the uninsured motorist provisions of the plaintiffs' policies.

On May 6, 1975, plaintiffs filed a complaint for declaratory judgment requesting the Superior Court to declare that the York policy was the primary policy applicable to Baker's accident and in addition to declare the plaintiffs' policies issued to her father should only be construed as excess insurance over the $20,000 limit of the uninsured motorist coverage of the York policy.

The plaintiffs, defendant York, and defendant Baker each moved for summary judgment. The trial justice who heard the motions reserved decision pending the filing of memoranda by the parties. In their memoranda plaintiffs renewed their argument that the policies they issued to Baker's father should be considered merely as excess coverage over the limitation of the York policy. The defendant York urged that exclusion (p) of its policy was applicable to the claim and that, therefore, there was no coverage for Baker under its policy. Finally, defendant Baker argued that exclusion (p) was invalid as contrary to the provisions of G.L. 1956 (1968 Reenactment) §27-7-2.1 and further that the coverage issued by plaintiffs was concurrent with (that is, in addition to) and not excess insurance over the York policy limit.

The trial justice held that exclusion (p) of the York policy and the "other insurance" clauses in plaintiffs' policies were void as contrary to the public policy of this state as expressed in §27-7-2.1. She also held that both plaintiffs and defendant York should be liable for a proportionate part of Baker's loss. Accordingly, she granted Baker's motion for summary judgment and denied those of plaintiffs and defendant York. The plaintiffs and defendant York each appealed from the judgment entered pursuant to the trial justice's decision.

I

This appeal raises two questions. The first is whether an exclusion in the uninsured motorist coverage of an automobile liability policy which precludes coverage for the in-

sured if he or she is injured while occupying an uninsured vehicle owned by the named insured is invalid as repugnant to the public policy expressed in §27-7-2.1.

Section 27-7-2.1 mandates that all motor vehicle insurance policies contain uninsured motorist coverage unless the insured specifically rejects such coverage. It reads as follows:

"Uninsured motorist coverage. — No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in §31-3-7 as amended, under provisions approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, provided that the named insured shall have the right to reject such coverage."

There is no question here that the insured was injured while operating a highway vehicle owned by her and that that vehicle was not insured under the York policy under which she seeks to recover. Exclusion (p) of York's policy clearly and unambiguously excludes uninsured motorist coverage in the factual context presented.

The exclusionary clause discussed in Murray applied to *"all insurance coverage* to an insured under the policy while employed or engaged in an automobile business." *Id.* In finding that exclusionary clause not repugnant to the public policy of §27-7-2.1, we held that the contract of insurance between the parties was such that, since the *entire* policy

was voided when the insured engaged in the named activity, the question of uninsured motorist coverage was not reached. York's exclusionary clause, however, does not affect the policy in all its aspects but only that portion concerning uninsured motorist coverage.

> "Under §27-7-2.1 an insured is entitled to uninsured motorist coverage, unless he rejects it * * * so long as he has general motor vehicle liability coverage under a policy issued to him." *Murray* v. *Remuck*, 108 R.I. 179, 184, 273 A.2d 491, 494 (1971).

This distinction leaves us with a question of first impression in this state: is §27-7-2.1 to be interpreted as a form of personal protection for an insured, or does it allow for the vehicle related interpretation urged by York?

There is a split of authority among the courts which have considered this issue. The majority view, which holds such exclusions invalid, reasons that the intent of uninsured motorist legislation is to protect persons from accidents which may not be compensable because of financially irresponsible drivers and that exclusions which restrict that coverage are violative of public policy unless specifically authorized by statute. The trend in those jurisdictions is to provide uninsured motorist coverage to all of the insured within the terms of the policy regardless of the particular vehicle occupied at the time of the injury. *State Farm Automobile Insurance Co.* v. *Reaves*, 292 Ala. 218, 292 So.2d 95 (1974); *Nygaard* v. *State Farm Mutual Automobile Insurance Co.*, 301 Minn. 10, 221 N.W.2d 151 (1974).[4] The minority position, which defendant York asks us to follow, is that the uninsured motorist legislation was never intended to force insurance companies to provide uninsured motorist coverage to all vehicles owned by the insured as long as one

---

[4]For a more complete listing of the cases which discuss this issue see 7 Appleman, *supra* at n.3. See also *Lowery* v. *State Farm Mut. Auto. Ins. Co.*, 285 So.2d 767 (Miss. 1973).

vehicle was properly covered by the initial policy. *Chambers* v. *Owens,* 22 Ariz. App. 175, 525 P.2d 306 (1974). *See also Holcomb* v. *Farmers Insurance Exchange,* 254 Ark. 514, 495 S.W.2d 155 (1973); *Owens* v. *Allied Mutual Insurance Co.,* 15 Ariz. App. 181, 487 P.2d 402 (1971). The defendant York argues in substance that §27-7-2.1 was not intended to be any form of personal protection insurance and that, since it must be vehicle related, an insurer is permitted to limit uninsured motorist coverage to those vehicles owned by the insured which are actually covered under the policy.

As we said in *Murray,* an insurance policy is a contract between the insured and the insurer. The contract between York and Baker covered Baker as the insurer of her Ford Mustang. There is nothing in the plain language of §27-7-2.1 which mandates the extension of that contract, as it relates to uninsured motorist or any other type of coverage, to other vehicles owned by Baker but not insured by her. Section 27-7-2.1 requires uninsured motorist coverage, unless specifically rejected by the insured, for all motor vehicle insurance policies in this state; the inclusion of this coverage within such policies is "for the protection of persons insured thereunder." The York policy provided Baker the required uninsured motorist coverage under the policy-contract between parties. Under the terms of the York policy, Baker's ownership, maintenance or use of a motor vehicle other than the Ford Mustang covered by the policy is not insured. Baker chose not to include coverage of her motorcycle within her York policy. This court will not extend uninsured motorist coverage to the motorcycle on the basis of Baker's unilateral attempt to modify the existing contract, including exclusion (p), through her ownership of a second vehicle of which York had no constructive knowledge within the terms of their policy. We see in §27-7-2.1 neither the discretion nor the authority to do so. *See Howard* v. *Grain Dealers Mutual Insurance Co.,* 342 F. Supp. 1125, 1130 (W.D. Ark. 1972).

## II

The second issue raised involves the construction to be given to the conflicting "other insurance" provisions in the uninsured motorist coverage clauses of the applicable policies, those issued by Employers and American. Baker has sustained a loss covered by two insurers. In anticipation of such situations, most policies contain "other insurance" clauses which purport to limit or avoid liability where other valid and collectible insurance covers the same loss.

In general there are four types of "other insurance" clauses used. These are (1) the pro rata clause which provides that the insurer will pay its share of the loss in the proportion its policy limits relates to the aggregate liability coverage available; (2) the "excess" clause which provides that the insurer's liability is limited to that amount of the loss exceeding the limits of other available insurance; (3) the "escape" clause which provides that the insurer is not liable if other coverage is available; and (4) the "excess-escape" clause which provides that the insurer's liability is limited to that amount of the loss exceeding the limits of other available insurance and that the insurer is not liable when the other available insurance contains limits equal to or in excess of its own limits. The clauses relied on by both American and Employers are of the "excess-escape" type.[5]

This court has found the "excess-escape" clause as it applies to uninsured motorist coverage of automobile liability policies repugnant to §27-7-2.1 and therefore unenforceable. *Pickering* v. *American Employers Insurance Co.*, 109 R.I. 143, 282 A.2d 584 (1971). The limitation which such a clause places on the recovery of an insured injured by an uninsured motorist is contrary to the intent of the statute to protect the insured against his actual loss; the statute une-

---

[5]*See Conflicts Between "Other Insurance" Clauses in Automobile Liability Insurance Policies*, 20 Hastings L.J. 1292 (1969). See p.3, *supra* for the full text of the Employers and American clauses.

quivocally states, as we have held before, that "each policy issued must supply the required minimum degree of protection." *Id.* at 152-53, 282 A.2d at 590. Thus the insured may recover the full amount of each uninsured motorist coverage to which he or she is entitled as long as recovery does not exceed the insured's actual loss.

In view of our decision in *Pickering,* the trial justice held the "other insurance" provisions in question were unenforceable in their entirety. She therefore invoked the well-settled principle that in the absence of provisions to the contrary, each insurer covering the same loss is responsible for the entire loss, although the claimant may have but one satisfaction. 8 Blashfield, *Automobile Law and Practice* §345.8 at 473 (3d ed. 1966). Thus she concluded that each insurer was liable for its proportionate share of Baker's damages. We agree.

As explicated recently by the New Jersey Supreme Court in its rejection of the validity of an "excess-escape" portion of the "other insurance" clause of the uninsured motorist coverage,

> "[s]ince *every* such policy must offer such coverage, and the statute contains no suggestion of relief from its undertaking in favor of an issuing insurer merely because another insurer had assumed the same obligation in favor of the same accident victim, the statute unambiguously grants the victim *prima facie* recourse to any and all policies applicable, subject to the unquestionably implicit condition that his claims in aggregate not exceed his damages." *Motor Club of America Insurance Co.* v. *Phillips,* 66 N.J. 277, 292, 330 A.2d 360, 368-69 (1974).

The appeal of the defendant York is sustained, the appeal of the plaintiffs is denied and dismissed, the judgment appealed from is vacated, and the cause is remanded to the Superior Court for further proceedings.

MR. JUSTICE JOSLIN, concurring. I join the court's opinion. I write separately, however, to emphasize my view that G.L. 1956 (1968 Reenactment) §27-7-2.1 should not be read as mandating that an uninsured motorist provision of an automobile liability policy covering one owned motor vehicle protect the named insured while in another owned, but uninsured, motor vehicle. Yet, invalidation of clause (p) of the York policy will not only produce the anomalous result, but also, by permitting the same premium to be charged for uninsured motorist coverage irrespective of the number of vehicles owned, will effectively compel an insured owning a single automobile to partially subsidize uninsured motorist coverage for multi-car owners. That is the kind of unreasonable and unjust result that the Legislature should not be presumed to have intended. *See Wilkinson* v. *Harrington,* 104 R.I. 224, 239, 243 A.2d 745, 753 (1968); *Genereux* v. *Pelosi,* 96 R.I. 452, 457-58, 192 A.2d 630, 633 (1963).

MR. CHIEF JUSTICE BEVILACQUA, dissenting in part. I do not agree with my Brother Paolino's interpretation of G.L. 1956 (1968 Reenactment) §27-7-2.1. The plain language of §27-7-2.1 provides that no automobile policy may be issued in this state "unless coverage is provided * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * * ." It is clear that the statute is person oriented rather than vehicle oriented.

The majority of jurisdictions have held that the Legislature, in adopting uninsured motorist statutes, intended to protect innocent insured motorists who suffer damages as a result of automobile collisions involving financially irresponsible drivers. *State Farm Automobile Insurance Co.* v. *Reaves,* 292 Ala. 218, 292 So. 2d 95 (1974); *Nygaard* v. *State Farm Mutual Automobile Insurance Co.,* 301 Minn. 10, 221 N.W.2d 151 (1974); *Lowery* v. *State Farm Mutual Automobile Insurance Co.,* 285 So. 2d 767

(Miss. 1973); *Beck* v. *Ohio Casualty Insurance Co.*, 73 N.J. 185, 373 A.2d 654 (1977). These jurisdictions have reasoned that uninsured motorist coverage should be provided to all insureds within the provisions of a policy without regard to the particular vehicle occupied at the time of the injury. I agree with this construction.

In *Aldcroft* v. *Fidelity & Casualty Co.*, 106 R.I. 311, 259 A.2d 408 (1969), this court, concluding that §27-7-2.1 affords personal protection to uninsured motorists, stated:

> "The legislature, in our opinion, enacted this statute [§27-7-2.1] for the purpose of providing, as a matter of public policy, protection of the named insured in policies to be issued for protection against financial loss resulting from the operation of uninsured motor vehicles." *Id.* at 321, 259 A.2d at 415.

In the case at bar, exclusionary clause (p) of the York policy precludes coverage for the insured if he or she is injured while occupying an uninsured vehicle owned by the named insured. To the extent that this exclusion attempts to abrogate the intent of §27-7-2.1, it is invalid. This court has repeatedly voided contract clauses in uninsured motorist policies on the grounds that such provisions violate public policy as enunciated by the Legislature. *Poulos* v. *Aetna Casualty & Surety Co.*, 119 R.I. 409, 379 A.2d 362 (1977); *Pickering* v. *American Employers Insurance Co.*, 109 R.I. 143, 282 A.2d 584 (1971).

For the above reasons, I adopt the view espoused by the majority of jurisdictions. Accordingly, I believe that the trial justice was correct in finding that exclusion (p) in defendant York's policy is contrary to the public policy of this state as enunciated in §27-7-2.1 and, therefore, nugatory.

MR. JUSTICE KELLEHER, dissenting in part. Since I did not participate when the court made its ruling in *Murray* v. *Remuck*, 108 R.I. 179, 273 A.2d 491 (1971), I can with all

good grace now take a position contrary to that presently being espoused by my Brother Paolino. The General Assembly's adoption of our uninsured motorist statute is a legislative response to a growing problem in a mobilized society; that is, the economic havoc caused by the uninsured, negligent, judgment-proof owner or operator of a motor vehicle. General Laws 1956 (1968 Reenactment) §27-7-2.1 is typical of the statutory relief that has been afforded by the states which have enacted similar legislation. In its pertinent portions the Rhode Island statute provides:

> "No policy insuring against loss resulting from liability imposed by law * * * shall be delivered or issued for delivery in this state * * * unless coverage is provided therein * * * *for the protection of persons insured* thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles * * * ." (Emphasis added.)

Our uninsured motorist statute contains no requirement that the insured have any relationship at the time of the mishap with any vehicle he owns or with one that is insured by his insurer. The statute simply states that the insurer must pay once the insured has demonstrated that he has sustained personal injuries which were caused by the negligent operation of a so-called uninsured motor vehicle. This court has said that the Legislature, in enacting this statute, was concerned that a purchaser of an automobile liability policy be given the opportunity to purchase insurance coverage for economic loss resulting from bodily injuries in those instances where both the owner and operator of the responsible vehicle are uninsured. *Aldcroft* v. *Fidelty & Casualty Co.*, 106 R.I. 311, 259 A.2d 408 (1969). The insured's status at the time of the injury as passenger, pedestrian, or driver of an insured or uninsured vehicle is totally irrelevant so far as his ability to recover under the statutorily mandated coverage is concerned. The statute in no way relates coverage to the occupancy of a particular automobile. Indeed, its

only restrictions are that both the owner and the operator of the negligent vehicle be uninsured and that the insured is legally entitled to recover damages. Thus, it is that §27-7-2.1 affords personal accident protection rather than vehicle-related coverage.

Since the York policy sought to nullify the intended reach of §27-7-2.1, its exclusionary clause cannot be given effect. *Murray*, in its contractual approach to this issue, is at odds with the other holdings of this court which have unhesitatingly voided contract clauses in uninsured motorist policies on the grounds that their provisions conflicted with the public policy mandated by the Legislature. *Poulos* v. *Aetna Casualty & Surety Co.*, 119 R.I. 409, 379 A.2d 362 (1977); *Pickering* v. *American Employers Insurance Co.*, 109 R.I. 143, 282 A.2d 584 (1971); *Aldcroft Fidelity & Casualty Co.*[1]

While there may not necessarily be strength in numbers, the views I have just expressed find support in the majority of jurisdictions that have considered the exclusion in question in the light of similar statutory provisions. These jurisdictions have taken the position that uninsured motorist coverage, unlike casualty or collision insurance, was intended to provide a form of limited personal accident insurance protecting the person or persons insured under the policy at all times and without regard to the activity in which they were engaged at the time. Such coverage is no-

---

[1]In *Aldcroft* v. *Fidelity & Cas. Co.*, 106 R.I. 311, 259 A.2d 408 (1969), and *Poulos* v. *Aetna Cas. & Surety Co.*, 119 R.I. 409, 379 A.2d 362 (1977), the insurers sought to invoke a limitation of liability proviso which said that the sum due under the uninsured motorist clause could be reduced by the amount of workman's compensation or similar benefits previously received by the insured. In *Aldcroft* we said that this proviso could not be used to reduce the $10,000 minimum coverage called for by G.L. 1956 (1968 Reenactment) §27-7-2.1. Poulos had purchased $20,000 worth of coverage. The insurer contended that it could use the limitation so long as the insured received $10,000 worth of coverage. We rejected this view and ruled that the policy limitation could only be employed to the extent that the compensation benefits might represent a double recovery to the insured.

where limited in the statute to the use of the insured vehicle and cannot be so restricted by the policy provisions. *State Farm Automobile Insurance Co.* v. *Reaves,* 292 Ala. 218, 292 So. 2d 95 (1974); *Mullis* v. *State Farm Mutual Insurance Co.,* 252 So. 2d 229 (Fla. 1971); *Kau* v. *State Farm Mutual Automobile Insurance Co.,* 58 Hawaii 49, 564 P.2d 443 (1977); *Nygaard* v. *State Farm Mutual Automobile Insurance Co.,* 301 Minn. 10, 221 N.W. 2d 151 (1974); *Lowery* v. *State Farm Mutual Automobile Insurance Co.,* 285 So. 2d 767 (Miss. 1973); *Beek* v. *Ohio Casualty Insurance Co.,* 73 N.J. 185, 373 A.2d 654 (1977); *Chavez* v. *State Farm Mutual Automobile Insurance Co.,* 87 N.M. 327, 533 P.2d 100 (1975); *Cothren* v. *Emcasco Insurance Co.,* 555 P.2d 1037 (Okla. 1976); *Touchette* v. *Northwestern Mutual Insurance Co.,* 80 Wash. 2d 327, 494 P.2d 479 (1972).

I am well aware that the position I now espouse may permit a two-car family to have a free ride in that, by paying for uninsured motorist coverage issued under the policy of only one vehicle, recovery may be had for injuries arising from the operation of the other. However, the insured is entitled to obtain the coverage the Legislature has ordered the insurer to provide and for which the insured has paid an extra premium. If the situation to which I refer should be corrected, the remedy lies at the statehouse and not the courthouse.

*Hanson, Curran, Bowen & Parks, A. Lauriston Parks, David P. Whitman,* for plaintiffs.

*William G. Gilroy* (for Lori E. Baker), *John F. Dolan, John W. Kershaw* (for York Insurance Company), for defendants.