John SUGRUE

v.

AMICA MUTUAL INSURANCE COMPANY and Royal Insurance Company.

AMICA MUTUAL INSURANCE COMPANY

v.

John SUGRUE and Royal Insurance Company.

No. 90–305–Appeal, 90–306–Appeal.

Supreme Court of Rhode Island.

March 21, 1991.

Kathleen Managhan, Joseph Houlihan, Corcoran, Peckham & Hayes, Newport, for plaintiff.

Madeline Quirk, Kenneth M. Borden, Anthony F. Cottone, A. Lauriston Parks, Hanson, Curran, Parks & Whitman, Providence, for defendant.

OPINION

PER CURIAM.

These consolidated cases came before the court for oral argument pursuant to an order directing both parties to appear and show cause why the issues raised by this appeal should not be summarily decided. AMICA Mutual Insurance Company (AMICA) and Royal Insurance Company (Royal) appeal from the affirmation of an arbitration award wherein a panel of arbitrators had determined that John P. Sugrue (Sugrue) was entitled to total damages in the sum of $132,670.44, including interest, as a result of an automobile collision that had

taken place while Sugrue was on duty as a State Police officer. The other party to the collision (Alvin Bliven) had liability insurance with a coverage limit of $50,000. According to representations made by the arbitrators as well as by counsel for AMICA and Royal, the arbitrators' charge was limited to determining the amount Sugrue would be entitled to recover from Bliven, without reference either to sums paid by third parties or to salary paid to Sugrue by the State of Rhode Island during his period of disability. Counsel for Sugrue disagrees on the limitation of the submission.

After hearing the arguments of counsel and examining the record of the proceedings in the Superior Court, we conclude that the submission to the arbitrators was limited, as AMICA and Royal contend, to a determination of liability in respect to the third party (Bliven) and the amount of damages that Sugrue would be entitled to recover from Bliven without reference to any reductions for payments made to Sugrue by Bliven or his insurer, the State of Rhode Island, or any other third party.

Consequently the trial justice was correct in confirming the award but erred in issuing a final judgment based thereon without taking into account amounts paid by third parties, including the State of Rhode Island, to Sugrue. This determination should have been made either by the trial justice or in another proceeding in which an evidentiary hearing could have been held concerning such payments, which would then have been deductible from the arbitrators' award. *See Poulos v. Aetna Casualty & Surety Co.*, 119 R.I. 409, 379 A.2d 362 (1977). The arbitrators did not make a mistake of law in failing to deduct such payments or benefits but simply honored the limited nature of the parties' submission to arbitration.

For the reasons stated, the final judgment based upon the arbitrators' award is hereby vacated, the trial justice's ruling confirming the award is affirmed, and the cases are remanded to the Superior Court for further proceedings to determine the amount to be deducted from the award for payments by third parties (if any) and the State of Rhode Island and entry of final judgment after computations and deductions have been made. If necessary such proceedings may include apportionment of liability between AMICA and Royal.

KELLEHER, J., did not participate.