Bruce G. SUNDLUN

v.

Charles R. LOPER et al.

No. 91–128–A.

Supreme Court of Rhode Island.

Nov. 15, 1991.

Robert G. Flanders, Jr., Neal McNamara, Flanders & Medeiros, Providence, for plaintiff.

Milton Stanzler, Providence, for defendant.

ORDER

This case came before this court on November 6, 1991, pursuant to an order directing both parties to appear before this court and show cause why this appeal should not be summarily denied and dismissed.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that the decision of the Superior Court should be sustained in part and reversed in part. We uphold the trial justice's decision to award plaintiff, Bruce G. Sundlun, $150,000 as compensation for duties performed as trustee of the Leela Quinn Loper Family Trust (the trust).

We reverse the trial justice's decision denying the plaintiff's request for prejudgment interest. We remand the case to the Superior Court to determine the amount of interest to be awarded. Said interest is to run from May 30, 1984, the date of completion of the plaintiff's duties as trustee of the trust.

Consequently, the defendant's appeal is denied and dismissed. The plaintiff's appeal is sustained and the case is remanded to the Superior Court for further proceedings in accordance with this order.

METROPOLITAN PROPERTY & LIABILITY INSURANCE COMPANY

v.

Gerald and Priscilla CARLTON et al.

No. 91–156–Appeal.

Supreme Court of Rhode Island.

Nov. 21, 1991.

Michele Lataille, David P. Whitman, Hanson, Curran & Parks, Providence, for plaintiff.

Zvi H. Smith, DiSandro–Smith Associates, Providence, Thomas Pearlman, Pearlman & Vogel, Pawtucket, for defendant.

ORDER

This case came before a hearing panel of this court on November 19, 1991, pursuant to an order directing both parties to appear before this court and show cause why this appeal should not be summarily denied and dismissed.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that no cause has been shown. The insurance company should not be required to insure a risk of which it has no knowledge. *Employers' Fire Ins. Co. v. Baker,* 119 R.I. 734, 741, 383 A.2d 1005, 1008 (1978).

Consequently, the defendant's appeal is therefore denied and dismissed. The judgment of the Superior Court is affirmed.

MURRAY and SHEA, JJ., did not participate.