### Taft A. MANZOTTI

v.

### AMICA MUTUAL INSURANCE CO.

No. 94–238–A.

Supreme Court of Rhode Island.

April 13, 1995.

Neil Philbin, Cranston.

Thomas Bender, Mark Dana, Providence.

## ORDER

This matter came before the Supreme Court for oral argument on April 7, 1995,

pursuant to an order that directed both parties to show cause why the issues raised by this appeal should not be summarily decided. Taft A. Manzotti (plaintiff) and Amica Mutual Insurance Co. (defendant) both appealed from a Superior Court order that required the defendant to pay to the plaintiff $30,000 plus interest and costs, and that also required the plaintiff to pay to the city of Providence $22,400.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the case will be remanded to the Superior Court for further proceedings.

The plaintiff, while on duty as a police officer for the city of Providence, was struck by a motor vehicle. Allstate Insurance Company, which insured the vehicle, paid plaintiff the policy limits of $50,000 in settlement of his claim. The plaintiff also received "injured on duty" payments from the city of Providence in the amount of $22,400, pursuant to G.L.1956 (1991 Reenactment) § 45–19–1. In addition, plaintiff filed a claim for underinsured motorist coverage with his insurer, the defendant in this case. The claim was submitted to arbitration where it was determined that plaintiff suffered damages in the amount of $80,000.

The plaintiff subsequently filed a complaint in Superior Court requesting that the court confirm the arbitration award and declare that defendant must pay plaintiff $80,000 reduced by the $50,000 recovered from the tortfeasor. The city of Providence did not intervene as a party to the suit. The Superior Court responded by ordering defendant to pay plaintiff $30,000, and ordered plaintiff to reimburse to the city the $22,400 in disability benefits he received. The Superior Court reasoned that this would assure plaintiff full compensation for his injuries and would avoid a double recovery. See *Poulos v. Aetna Casualty & Surety Co.*, 119 R.I. 409, 379 A.2d 362 (1977).

On appeal before this court, the parties argued that the Superior Court lacked jurisdiction to order plaintiff to reimburse the city because Providence was not a party to the proceedings. The trial justice, however, attempted to achieve an equitable remedy by taking into account that G.L.1956 (1991 Reenactment) § 45–19–1.1 requires that an officer who recovers damages from a third party "reimburse the city, town, or the state of Rhode Island by whom the compensation was paid to the extent of the compensation paid."

In order to efficiently conclude this matter, we remand the case to the Superior Court with directions to allow the city of Providence to become a party to the dispute, in order to effectuate the allocation of damages.