DECISION
In this civil action the parties both seek to have the Court confirm an arbitration award. They disagree, however, as to the judgment to be entered pursuant to such a confirmation.
On December 4, 1990, the plaintiff sustained bodily injury in an automobile collision. He was operating an automobile owned by his employer while he was engaged in his employer's business. He was struck by an uninsured motor vehicle.
On July 27, 1992, he was paid $50,000 by the insurer of his employer's automobile under the uninsured motorist coverage provisions of that policy for the injuries he sustained in the collision of December 4, 1990. In addition, the plaintiff was paid $87,837.46 under the workers' compensation law because of his disability caused by his injuries incurred in the collision of December 4, 1990.
The plaintiff's claim against the defendant arises out of the uninsured motorist provision of a policy issued by the defendant to the plaintiff, which was in force on December 4, 1990. That claim was submitted to arbitration. On June 8, 1995, the arbitrators awarded the plaintiff $75,000 as total damages for the "personal" injuries he sustained on December 4, 1990, together with statutory interest. (Emphasis supplied.) Furthermore, the arbitrators expressly declared: "No consideration has been given to any off-sets, credits or previouspayments made." (Emphasis supplied.)
The defendant contends that the award of the arbitrators must be reduced by certain provisions of the policy applicable to coverage. The policy expressly provides:
 "Any amounts otherwise payable for damages under this coverage shall be reduced by all sums:
 1. Paid because of the bodily injury or on behalf of persons who may be legally responsible . . .; and
 2. Paid or payable because of bodily injury under any of the following or similar law:
 a. workers' compensation law; . . ."
The defendant says that the award must be confirmed but that, because the sums already paid exceed the total amount of the award, including interest, under the judgment to be entered the plaintiff will take nothing. The defendant is correct. Sugrue v.Amica Mutual Insurance Co., 588 A.2d 125 (R.I. 1991).
The plaintiff first contends that the issue of reductions to the damage award should have been raised in the arbitration or it is deemed waived. Since these reductions do not apply to the liability of the uninsured tort-feasor and the amount of damages for which the uninsured tort-feasor is liable, they are coverage issues and are not subject to arbitration under the policy. Bushv. Nationwide Mutual Insurance Co., 448 A.2d 782, 784-85 (R.I. 1982).
The plaintiff argues that the Court ought to construe the words "legally responsible" in exclusion 1 to refer only to the tort-feasor or his liability insurer. He argues that payment by an uninsured motorist insurer is not payment by a person who may be "legally responsible," because the person insured, his employer, was not an owner or operator of an uninsured motor vehicle. His attempt to distinguish Shkolnik v. American FamilyMutual Insurance Company, 506 N.W.2d 356 (Neb. App. 1993) founders on the shoal of reason. He claims that, because his employer's insurer's obligation to pay him arose out of contract and not a statute, the Nebraska Court's finding of legal liability is not pertinent. A party is either legally responsible, or liable, or the party is not, whether that responsibility, or liability derives from a contract or a statute.
The defendant's obligation to pay the arbitrators, award must be reduced, as a matter of law, by the amount paid by the employer's uninsured motorist insurer, or $50,000.00. Surgrue v.Amica Mutual Insurance Co., supra.
The plaintiff contends that the sums he was paid by his employer, or its workers' compensation insurer, were not paid "because of bodily injury," as required in exclusion 2. The plaintiff is mistaken. Poulos v. Aetna Casualty Surety Co.,119 R.I. 409, 415, 379 A.2d 362, 365 (1977). Accordingly, the award must be further reduced by $87,837.46, in accordance withSugrue, supra.
Since the combined reductions exceed the maximum amount of the award, including interest, however computed, judgment will be entered that the plaintiff takes nothing from the defendant.