USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1820 CASCO INDEMNITY CO., Plaintiff, Appellant, v. RHODE ISLAND INTERLOCAL RISK MANAGEMENT TRUST, Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Cyr, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Alice Olsen Mann with whom David E. Maglio and Morrison, Mahoney ________________ _______________ _________________ & Miller were on brief for appellant. ________ Rosemary Healey with whom James M. Green, Andrew M. Elmore and _______________ ______________ ________________ Powers, Kinder & Keeney, Inc. were on brief for appellee, Rhode Island _____________________________ Interlocal Risk Management Trust. ____________________ May 12, 1997 ____________________ CAMPBELL, Senior Circuit Judge. This case _______________________ primarily concerns a dispute between two insurance companies, Casco Indemnity Company ("Casco") and Rhode Island Interlocal Risk Management Trust ("the Trust"), over which of them is responsible for compensating one Victor Cipriano for the injuries he sustained in an automobile accident with an uninsured driver. Because we agree with the district court that Exclusion 9 in the Trust's policy applies to uninsured motorist insurance and is not contrary to public policy, see ___ Casco Indem. Co. v. Rhode Island Interlocal Risk Mgt. Trust, ________________ ________________________________________ 929 F. Supp. 65 (D.R.I. 1996), we affirm on these questions without further comment. See In re San Juan Dupont Plaza ___ _____________________________ Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993) ("Where, _________________ as here, a trial court has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence [sic] simply to hear its own words resonate."). We find it was error, however, for the district court not to issue a declaratory judgment, as Casco requested, concerning Casco's ability to deduct any workers' compensation benefits received by Cipriano already or in the future from his damages.1   ____________________ 1. The district court's sole apparent reference to the issue in its opinion was its statement, "With regard to the Casco Policy, any coverage available to Cipriano is to be governed by the terms of the agreement between the parties." Casco, _____ 929 F. Supp. at 73. -2- 2 Casco contended below, and now contends on appeal, that such benefits are excluded by a provision in its policy stating: B. Any amounts otherwise payable for damages under this coverage shall be reduced by all sums . . .  2. Paid or payable because of the "bodily injury" under any of the following or similar law: a. workers' compensation law; or b. disability benefits law. Casco asserts that this provision comports with Rhode Island's public policy against double recovery, citing Poulos v. Aetna Cas. & Sur. Co., 379 A.2d 362, 365 (R.I. ______ _______________________ 1977) (upholding an insurance policy clause reducing the insurer's liability by the amount paid or payable "under any workmen's compensation law, disability benefits law or any similar law" only to the extent such benefits represented a double recovery thus mandating that the deduction be from the insured's total damages, not the policy's face value). Casco included this claim in its amended complaint, in its motion for summary judgment below, and in its appeal brief. The Trust, having no stake in this debate, has provided no response. Cipriano, the beneficiary of Casco's policy, was a named defendant in this suit and filed a general answer to Casco's complaint, but insofar as appears he did not file an opposition to Casco's motion for summary judgment (which sought relief on the point) nor did he -3- 3 otherwise take part in the proceeding below. Cipriano has neither argued nor filed any brief on appeal. As a result, we are left to decide the matter with only Casco's arguments to guide us. See Allgeier v. United States, 909 F.2d 869, ___ ________ _____________ 871-72 n.3 (6th Cir. 1990) (considering an appeal solely on the brief of the appellant when the appellee failed to file a brief) (citing, inter alia, Fed. R. App. P. 31(c)'s statement __________ that "[i]f an appellee fails to file a brief, the appellee will not be heard at oral argument except by permission of the court"); Instituto Nacional de Comercializacion Agricola _______________________________________________ (INDECA) v. Continental Illinois Nat'l Bank and Trust Co., ________ _______________________________________________ 858 F.2d 1264, 1270-71 (7th Cir. 1988) (same); Teamsters, __________ Chauffeurs, Warehousemen & Helpers Local Union 524 v. _________________________________________________________ Billington, 402 F.2d 510, 511 (9th Cir. 1968) (deciding an __________ appeal on the appellant's brief and the trial record when the appellee failed to file an appeal brief). In the absence of any legal or factual arguments to the contrary, it is hard to say that Casco's arguments are not persuasive on this point. Nor can we say that Casco has failed to do all that might be expected to pursue the issue. We accordingly remand to the district court with directions that it issue a declaratory judgment in Casco's favor providing, in effect, that, "The policy issued by Casco Indemnity Company provides uninsured motorist coverage which is excess to any workers' compensation benefits paid to -4- 4 defendant Cipriano or received by him in the future with respect to the accident of November 20, 1993." Affirmed in part and reversed and remanded in part. __________________________________________________ -5- 5