Taft A. MANZOTTI et al.

v.

**AMICA MUTUAL INSURANCE COMPANY**

v.

**CITY OF PROVIDENCE (Intervenor).**

No. 96–166–Appeal.

Supreme Court of Rhode Island.

June 27, 1997.

---

Robyn K. Factor, for Plaintiff.

Richard G. Riendeau, Thomas R. Bender, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This matter came before this Court for oral argument on May 5, 1997, pursuant to an order directing the parties to show cause why the appeal of Taft A. Manzotti (Manzotti) and Amica Mutual Insurance Company (Amica) from the granting of a protective order in the Superior Court should not be summarily decided.

After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in the appeal will be decided at this time.

Manzotti was a patrol officer for the Providence police department. On November 17, 1989, while Manzotti was directing traffic in the course of his employment, he was struck by an automobile owned and operated by JoAnne Fallen (Fallen). Manzotti suffered injuries as a result of the accident and was unable to continue in his employment for approximately twenty-eight weeks, during which time Manzotti received approximately $22,400 in Injured On Duty (I.O.D.) payments from the Providence police department pursuant to G.L.1956 § 45–19–1.

In August 1990 Manzotti settled his tortfeasor's claim against Fallen and her insurer, Allstate Insurance Company (Allstate), for the insurance policy liability limit of $50,000.

Manzotti then filed an underinsured motorist claim against his own insurer, Amica. Manzotti's policy with Amica provided underinsured motorist coverage in the amount of $300,000. The claim was submitted to arbitration to determine the total amount of damages. On September 3, 1992, the arbitrators concluded that Manzotti was entitled to a total of $80,000 in damages, but at the request of the parties they made no provision for the reduction of the award because of the amounts received from third parties.

The parties later agreed that the arbitrators' award should be reduced by the $50,000 received from Allstate. There was a disagreement, however, concerning whether the balance of the award should be reduced by the $22,400 previously paid to Manzotti by the city of Providence (city) in I.O.D. payments, and Amica retained $30,000 to cover its potential liability to the city. That issue was submitted to the Superior Court for resolution upon stipulated facts.

The trial justice found that Manzotti was entitled to recover the $30,000 from Amica, plus interest and costs, but that Manzotti was then required to reimburse the city $22,400 for the I.O.D. payments that he had previously received, pursuant to § 45–19–1.1. Manzotti and Amica both appealed from the final judgment entered following that decision. Manzotti contends in his appeal that the Superior Court justice lacked jurisdiction to enforce the city's subrogation rights against the amount retained by Amica because the city was not a party to his action and had never perfected a lien against Manzotti pursuant to § 45–19–1.3. Without deciding the issues raised in that appeal, we remanded the case to the Superior Court with directions "to allow the city of Providence to become a party to the dispute, in order to effectuate the allocation of damages." *Manzotti v. Amica Mutual Insurance Co.,* 656 A.2d 625, 626 (R.I.1995) (*Manzotti I* ).

Following remand, on July 11, 1995, the city did file a motion to intervene as well as an intervenor's complaint to which both Manzotti and Amica filed their respective answers.

In response to the city's complaint, Manzotti then commenced discovery in order to determine whether the city had complied with the requirements of §§ 45–19–1.1,–1.2,–1.3 that he believed necessary in order for the city to be entitled to reimbursement. Both Manzotti and Amica next filed requests for production of documents. In response the city filed a motion for a protective order. The city's contention was that this Court's decision in *Manzotti I* had already determined that the City was entitled to reimbursement and that the remand was only for the purpose of permitting the city to intervene in the action and to permit the Superior Court to effectuate the allocation of damages and not to allow for a new determination of the city's lien and its right to reimbursement. On November 29, 1995, the trial justice granted the city's motion for a protective order. The instant appeal followed.

■ We note initially that the order appealed from is interlocutory in nature and not a final judgment. Appeals from such orders are not ordinarily permitted. However, we have on occasion acted upon appeals from interlocutory orders that possess " 'such an element of finality that action is called for before the case is finally terminated in order to prevent clearly imminent and irreparable harm.' " *Martino v. Ronci*, 667 A.2d 287, 288 (R.I.1995). Although a protective order would not qualify in the ordinary course for interlocutory review, we feel that addressing the merits of this appeal before us is warranted in order to more expeditiously terminate the matter and mitigate the accruing costs and expenses of litigation that might conceivably exceed the amount in controversy.

Section 45–19–1.1 provides that when the injuries for which I.O.D. payments are made were

"caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may take proceedings, against that person to recover damages, and the employee shall be entitled to receive both damages and compensation, provided that the employee, in recovering damages either by judgment or settlement

from the person so liable to pay damages, shall reimburse the city, town, or the state of Rhode Island by whom the compensation was paid to the extent of the compensation paid as of the date of the judgment or settlement."

Section 45–19–1.2 provides that "[a]ny employer paying compensation under the provisions of § 45–19–1 [the I.O.D. payment section] shall, if the employee recovers damages from a third person on account of the injuries or sickness for which compensation is payable, have a lien upon that part going to the employee, of any recovery or sum had or collected or to be collected by the employee * * * up to the amount of compensation paid." That lien is qualified, however, by the language of § 45–19–1.3, which states that

"[n]o lien shall be effective, however, unless a written notice containing the name and address of the employee, the date that the employee became wholly or partially incapacitated, the name and location of the employer, and the name of the person or persons, firm or firms, corporation or corporations, alleged to be liable to the employee for the injuries received or sickness contracted, shall be filed in the office of the city or town clerk, if the employer is a municipality, or the office of the department of administration, if the employer is the state of Rhode Island prior to the payment of any moneys to the employee, or the employee's attorneys or legal representatives as compensation for the injuries or sickness. The employer shall mail a copy of the notice to any insurance carrier which has insured the person, firm, or corporation against the liability."

■ Both Manzotti and Amica contend that because the city failed to comply with the provisions of § 45–19–1.3, the city is not therefore entitled to reimbursement from Manzotti. We conclude, however, that the provisions of § 45–19–1.1 are pertinent only to any claim that the city might pursue against Amica. Manzotti, on the other hand, is required by the statute to reimburse the city regardless of whether the city has complied with the statutory lien provisions in order to enforce its lien against a third party. The city's right to reimbursement from Man-

zotti is not dependent upon the existence of a written notice of statutory lien against him but is instead clearly provided to the city by § 45–19–1.1. Accordingly, any failure on the part of the city to perfect its lien against Manzotti is not fatal to the city's claim for reimbursement from the funds he receives from his insurer.

For all the foregoing reasons the appeal is denied and dismissed. The order appealed from is affirmed, and the papers in this case are remanded to the Superior Court with directions to order distribution of available funds to the parties in accordance with the Superior Court's order previously entered that was the subject matter of the appeal in *Manzotti I* and in accordance with this opinion.

GOLDBERG, J., did not participate.