Eileen DELLAGROTTA

v.

LIBERTY MUTUAL INSURANCE CO.

No. 93–351–A.

Supreme Court of Rhode Island.

March 24, 1994.

Paul S. Cantor, Resmini & O'Hara Law Offices, Providence, for plaintiff.

Patricia Sylvester, Thomas Plunkett, Bernard P. Healy, Kiernan, Plunketet & Redihan, Providence, for defendant.

OPINION

PER CURIAM.

This matter came before a panel of the Supreme Court pursuant to an order directing both parties to appear and to show cause why the issues raised in this appeal should not be summarily decided. In this case the plaintiff, Eileen Dellagrotta, has appealed from a Superior Court judgment entered after a non-jury trial, which provided that an insurance policy issued by the defendant, Liberty Mutual Insurance Co., did not cover her injuries arising from an automobile accident on September 9, 1986.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. In the Superior Court plaintiff sought benefits under the uninsured motorist provision of her husband's policy with defendant. Previous to this claim plaintiff had sued for and recovered $25,000 under the uninsured motorist provisions of her son's policy with Merchants Mutual Insurance Company. At the time of the accident plaintiff had been a passenger in the car of her adult son who made his home with plaintiff and her husband.

The defendant denied coverage on the basis of a policy exclusion known as an "owned but not insured" provision. That exclusion reads in pertinent part,

"We do not provide Uninsured Motorists Coverage for bodily injury sustained by any person: 1. While **occupying,** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy."

Uninsured motorist coverage is required by statute in Rhode Island. *See* G.L. 1956 (1989 Reenactment) § 27–7–2.1. This court has held however, that § 27–7–2.1 does not mandate the extension of uninsured motorist coverage to vehicles owned by policyholders but not insured by them. *Employers' Fire Insurance Co. v. Baker,* 119 R.I. 734, 741, 383 A.2d 1005, 1008–09 (1978). This court has also held that a restriction of uninsured motorist coverage only to family members who do not own their own vehicles does not violate public policy. *Malo v. Aetna Casualty And Surety Co.,* 459 A.2d 954, 957 (R.I. 1983).

"It is well settled * * * that when the terms of an insurance policy are found to be clear and unambiguous judicial construction is at an end." *Amica Mutual Insurance Co. v. Streicker,* 583 A.2d 550, 551 (R.I.1990). The trial justice found that "[t]he particular

policy at issue here unequivocally excludes [Dellagrotta] from uninsured motorist coverage." The court is of the opinion that the trial justice correctly enforced the plain and unambiguous language of the exclusion.

For these reasons the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

MURRAY, J., did not participate.