Simone M. RUESCHEMEYER et al.

v.

**LIBERTY MUTUAL INSURANCE COMPANY.**

No. 95–133–Appeal.

Supreme Court of Rhode Island.

April 1, 1996.

Jeffrey Michaelson, Julius Michaelson, Elizabeth Colt, Providence, for Plaintiff.

Patricia K. Asquith, Harry W. Asquith, Jr., Providence, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this matter should be summarily decided.

The defendant, Liberty Mutual Insurance Company (defendant), appeals from an order entered by a Superior Court motion justice concerning an insurance policy it issued which covered a vehicle operated by plaintiff Simone M. Rueschemeyer (plaintiff).

On May 28, 1992 a motor vehicle owned by plaintiff Dietrich Reuschemeyer and operated by plaintiff was involved in a collision with a Providence police cruiser. At the time of the collision, the automobile operated by plaintiff was covered by an insurance policy issued by defendant. The city of Providence, a self-insured municipality, owned the Providence police cruiser.

The plaintiffs filed a claim with defendant under the uninsured-motorist provision of the insurance policy issued by defendant. In a letter dated June 29, 1993, from a claims supervisor to plaintiffs' counsel, defendant denied coverage. The letter specifically quoted language from the insurance policy's uninsured-motorist-coverage section which provided that:

"Under Part C of the uninsured motorist coverage:

Uninsured motorist vehicle does not include any vehicle or equipment:

1. Owned or furnished or available for the regular use by you or any family member.

2. *Owned or operated by a self-insurer under any applicable motor vehicle law.*

3. *Owned or operated by any governmental unit or agency.*

4. Operated on rails or crawler trends.

5. Designed mainly for the use off public roads .... not on public roads.

6. Well located for use as a residential premises." (Emphasis added.)

The letter concluded as follows:

*"COVERAGE INTERPRETATION*

There is no coverage under your client's auto policy as the police vehicle was owned by a governmental unit or agency.

*For at least the reasons cited here,* Liberty Mutual cannot indemnify your client for the alleged injuries sustained as a result of the accident on 5/23/92." (Emphasis added.)

On March 21, 1994, plaintiffs filed a complaint for declaratory relief in the Superior Court against defendant. The plaintiffs claimed that the exclusion of government-owned vehicles from the definition of "uninsured motorist" is contrary to this state's uninsured-motorist statute, G.L.1956 § 27–7–2.1, and is therefore void and unenforceable. It was plaintiffs' contention that the definition of "uninsured motorist" contained in § 27–7–2.1 is all-inclusive.

The defendant filed an answer to plaintiffs' complaint and raised the government-owned-vehicle exclusion as an affirmative defense. Subsequently, defendant filed a written brief wherein it contended that the government-owned-vehicle exclusion was not void. The defendant further argued that the policy excluded vehicles owned by self-insurers and that the city of Providence is a self-insurer.

Following a hearing in the Superior Court, a motion justice concluded that the exclusion from the definition of "uninsured motor vehicle" of any vehicle or equipment owned by a governmental unit or an agency contained in the policy issued by defendant violates § 27–7–2.1 and is therefore void and unenforceable as a matter of law. He also found that the

exclusion from the definition of "uninsured motor vehicle" of any vehicle owned or operated by a solvent and statutory self-insurer contained in the policy issued by defendant does not violate the uninsured-motorist statute but that defendant had waived its right to rely on this exclusion. The motion justice found that in defendant's June 29, 1993 letter to plaintiffs' counsel, defendant specifically relied on the government-owned-vehicle exclusion and failed to rely specifically upon or to assert the self-insured-vehicle exclusion. An order was subsequently entered on February 10, 1995, containing these findings from which defendant has filed the instant appeal.

On appeal defendant argues that the motion justice erred in finding that the government-owned-vehicle exclusion was void as a matter of law. Moreover, defendant contends that the motion justice erred in finding that it waived its right to enforce the self-insurer exclusion.

■■■ This court has held that in enacting § 27–7–2.1 the Legislature intended that as a matter of public policy, protection should be given to the named insured against economic loss resulting from injuries sustained by reason of the negligent operation of an uninsured vehicle. *Malo v. Aetna Casualty and Surety Co.,* 459 A.2d 954, 956 (R.I.1983) (citing *Aldcroft v. Fidelity Casualty Co.,* 106 R.I. 311, 318, 259 A.2d 408, 413 (1969)). "This statute was premised on the concept that responsible motorists who carry liability insurance should not be uncompensated when they are without recourse against an uninsured tortfeasor." *Amica Mutual Insurance Co. v. Streicker,* 583 A.2d 550, 553 (R.I.1990). Moreover we have stated that "contract provisions, particularly those delineating uninsured-motorist coverage, are to be interpreted in light of the public policy for which the Legislature enacted the uninsured-motorist-coverage statute." *Bartlett v. Amica Mutual Insurance Co.,* 593 A.2d 45, 49 (R.I.1991). Provisions of insurance policies that restrict coverage afforded by the uninsured-motorist statute are void as a matter of public policy. *Sentry Insurance Co. v. Castillo,* 574 A.2d 138, 140 (R.I.1990).

■ We are of the opinion that to exclude from the definition of uninsured-motor vehicles those motor vehicles owned by a governmental entity does not further the legislative intent of the uninsured-motorist statute. An insured is as susceptible of economic loss resulting from the operation of a vehicle owned and operated by a governmental entity as he or she is from the operation of a vehicle owned by another; hence, we are persuaded that to carve out an exception from the definition of uninsured-motor vehicles is contrary to the legislative intent of the statute. This exclusion impermissibly restricts coverage afforded by the statute. Accordingly, we hold that the motion justice correctly found that the government-owned-vehicle exclusion contained in the policy at issue is void as a matter of law and as a matter of public policy.

■ We next address defendant's contention that the motion justice erred in finding that it had waived its defense to plaintiffs' claim on the basis of the self-insurer exclusion in the policy. We find that defendant sufficiently raised this defense in two denial letters it forwarded to plaintiffs' counsel. In the denial letter dated June 29, 1993, defendant's claims supervisor delineated, verbatim, the exclusions to the uninsured-motorist coverage in the policy. One such exclusion was vehicles "[o]wned or operated by a self-insurer under any applicable motor vehicle law." That letter concluded that the claim was being denied "for at least the reasons cited [in the letter]." Additionally, in a prior letter from defendant to plaintiffs' counsel dated June 15, 1992, defendant implied that it intended to deny the claim on the basis of the self-insurer exclusion contained in the policy.

We are of the opinion that the two denial letters forwarded by defendant to plaintiffs' counsel were sufficient to give plaintiffs notice of its intent to raise the self-insurer exclusion contained in the policy. Hence, we conclude the motion justice erred in finding that defendant had waived this defense.

■ Having found that defendant did not waive the defense of the self-insurer exclusion, this court must address the question of whether that exclusion is valid and otherwise enforceable as found by the motion justice. We find that it is.

The statute governing self-insurers, G.L. 1956 § 31–33–9, permits an owner of more than twenty-five registered vehicles in this state to qualify as a self-insurer by obtaining a certificate of self-insurance issued by the registry. A certificate may be issued by the registry "when it is satisfied that the person is possessed and will continue to be possessed of the ability to pay judgment obtained against the person." Section 31–33–9(b).

In the instant case it appears that at the time of the accident the city of Providence did hold a valid certificate of self-insurance. The fact that the city held a valid certificate indicates that it possessed the ability to pay judgment obtained against it. The city's status as a self-insurer does not deem it uninsured. We find, therefore, that the self-insurer exclusion in the policy is not void.

For these reasons the defendant's appeal is sustained in regard to the issue of waiver, and the motion justice's ruling finding that the defendant had waived its defense on the basis of the self-insurer exclusion contained in the policy is reversed. The motion justice's determinations in regard to the government-owned-vehicle exclusion and to the self-insurer exclusion as it pertains to the definition of uninsured motorist in the policy are affirmed. The case is remanded to the Superior Court for further proceedings in accordance with this opinion.

SHEA, J., not participating.