## NATIONWIDE MUTUAL INSURANCE COMPANY

v.

### Donna VITI.

No. 2003–247–Appeal.

Supreme Court of Rhode Island.

June 10, 2004.

Craig A. Johns, Esq., Cranston, for Plaintiff.

Joseph J. Altieri, Esq., Cranston, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY and SUTTELL, JJ.

## OPINION

PER CURIAM.

The defendant, Donna Viti (defendant), appeals from a Superior Court judgment granting the plaintiff's, Nationwide Mutual Insurance Company (plaintiff or Nationwide), motion for summary judgment and denying the defendant's counter-motion for partial summary judgment. This case came before the Supreme Court for oral argument on March 8, 2004, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and proceed to decide the appeal at this time. We affirm the judgment of the Superior Court.

## I

### Facts and Travel

The defendant holds an auto insurance policy with plaintiff. In October 2000, defendant was involved in an accident while a passenger on a motorcycle owned by her husband. The motorcycle was not insured by Nationwide, but was insured by a different insurance company. The defendant was injured and, after collecting insurance benefits from her husband's policy on his motorcycle, filed for underinsured motorist benefits under her own automobile insurance policy with plaintiff. The plaintiff denied her coverage, citing an exclusionary clause in the policy. The clause precludes coverage for bodily injury suffered by an insured, such as defendant, while occupying a motor vehicle that is owned by defen-

dant or by a relative and is not insured by plaintiff.

The plaintiff then filed a declaratory judgment action in the Superior Court. Thereafter, plaintiff moved for summary judgment, and defendant made a counter-motion for partial summary judgment. The hearing justice granted plaintiff's motion and denied defendant's counter-motion.

## II

### Discussion

■■■ It is well established that "[w]e review a motion justice's decision on a motion for summary judgment *de novo.*" *Deus v. S.S. Peter & Paul Church,* 820 A.2d 974, 976 (R.I.2003) (per curiam). "[A] party who opposes a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1225 (R.I. 1996). "Only when a review of the evidence in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's order granting summary judgment." *JH v. RB,* 796 A.2d 447, 449 (R.I.2002) (quoting *Sobanski v. Donahue,* 792 A.2d 57, 59 (R.I.2002)).

Under G.L.1956 § 27–7–2.1, uninsured[1] motorist coverage is mandatory in Rhode Island. Section 27–7–2.1 provides in pertinent part:

"(a) No policy insuring against loss resulting from liability imposed by law for property damage caused by collision, bodily injury, or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided in or supplemental to the policy, for bodily injury or death in limits set forth in each policy, * * * for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *."

The Uninsured Motorist Section of defendant's insurance policy with plaintiff says:[2]

"Coverage does not apply to:

* * *

4. Bodily injury suffered while occupying a motor vehicle

a) owned by; or

b) furnished for regular use of:

you or a relative, but not insured for Auto Liability coverage under this policy."

■■■ "It is well settled * * * that when the terms of an insurance policy are found to be clear and unambiguous judicial

---

1. General Laws 1956 § 27–7–2.1(g) provides in part that "[f]or the purposes of this section 'uninsured motorist' shall include an underinsured motorist. An 'underinsured motorist' is the owner or operator of a motor vehicle who carries automobile liability insurance with coverage in an amount less than the limits or damages that persons insured pursuant to this section are legally entitled to recover * * *."

2. The insurance policy was not entered into evidence. In its brief, however, plaintiff provides the text of the exclusionary clause found in the Uninsured Motorist Section of the policy. Given that both parties' description of the exclusionary clause comports with the text as given by plaintiff, this Court will accept the text of the clause as provided by plaintiff as factually accurate.

construction is at an end." *Dellagrotta v. Liberty Mutual Insurance Co.*, 639 A.2d 980, 980 (R.I.1994) (per curiam) (quoting *Amica Mutual Insurance Co. v. Streicker*, 583 A.2d 550, 551 (R.I.1990)). This Court concurs with the description of the exclusionary clause given by both parties, which is that coverage does not apply to bodily injury suffered by defendant while occupying a motor vehicle owned by defendant or by a relative, but not insured by plaintiff. Because the terms of the exclusionary clause are "clear and unambiguous," *id.*, the only issue before this Court is whether the terms of the exclusionary clause in defendant's insurance policy with plaintiff violate the public policy underlying § 27–7–2.1.

This Court has held that the purpose of § 27–7–2.1 is to provide

> "protection * * * to the named insured against economic loss resulting from injuries sustained by reason of the negligent operation of an uninsured vehicle. * * * Provisions of insurance policies that restrict coverage afforded by the uninsured-motorist statute are void as a matter of public policy." *Rueschemeyer v. Liberty Mutual Insurance Co.*, 673 A.2d 448, 450 (R.I.1996).

This Court has also held, however, that "owned but not insured" exclusionary clauses, such as the clause at issue here, do not violate the underlying purpose of § 27–7–2.1. *Dellagrotta*, 639 A.2d at 980–81; *The Employers' Fire Insurance Co. v. Baker*, 119 R.I. 734, 741, 383 A.2d 1005, 1008 (R.I.1978). In *Baker*, 119 R.I. at 735, 383 A.2d at 1006, the defendant was in an accident while operating a motorcycle that she owned. Subsequently, defendant sought uninsured motorist coverage under an insurance policy on her other car for injuries resulting from her motorcycle accident. *Id.* at 736, 383 A.2d at 1006. The insurance company denied her coverage, citing the exclusionary provision in the policy. The provision stated that the policy's uninsured motorist coverage did not apply " 'to bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured or by any person resident in the same household who is related to the named insured by blood, marriage or adoption * * *.' " *Id.* This Court found that the clause did not violate the public policy underlying § 27–7–2.1, stating that "uninsured motorist legislation was never intended to force insurance companies to provide uninsured motorist coverage to all vehicles owned by the insured as long as one vehicle was properly covered by the initial [insurance] policy." *Baker*, 119 R.I. at 740–41, 383 A.2d at 1008. This Court reaffirmed the validity of a nearly identical exclusionary provision under similar circumstances in *Dellagrotta*, 639 A.2d at 980–81.

The defendant asks that this Court overturn its ruling in *Baker*. This Court will not, however, abandon its holdings in *Baker* and *Dellagrotta* that "owned but not insured" exclusionary clauses do not violate the purpose expressed in § 27–7–2.1. *Dellagrotta*, 639 A.2d at 980–81; *Baker*, 119 R.I. at 741, 383 A.2d at 1008. Given that the facts of the case at hand, including the exclusionary clause at issue, are nearly identical to those in *Baker* and *Dellagrotta*, the holdings of those two cases are controlling here. *See Johnston Ambulatory Surgical Associates, Ltd. v. Nolan*, 755 A.2d 799, 807 (R.I.2000). This Court is aware that those previous holdings create a situation in which a person who is injured while riding in a friend's vehicle would receive uninsured motorist coverage, while that same person, if injured while riding in a family member's vehicle, would not receive coverage. Although this and prior hold-

ings may not comport with those in other jurisdictions, they represent the rulings of this Court, and there has been ample time since the enactment of § 27-7-2.1 for the General Assembly to change the statute should it wish to do so. "If the situation to which [this Court] refers should be corrected, the remedy lies at the statehouse and not the courthouse." *Baker*, 119 R.I. at 748, 383 A.2d at 1012 (Kelleher, J., dissenting).

According to defendant, the facts here are distinguishable from those in *Baker*; thus, defendant argues she is entitled to receive underinsured motorist benefits from plaintiff despite this Court's holding in that case. The defendant first cites this Court's statement in *Baker* that it would "not extend uninsured motorist coverage to the motorcycle on the basis of [the insured's] unilateral attempt to modify the existing contract * * * through her ownership of a second vehicle of which [the insurance company] had no constructive knowledge within the terms of their policy." *Baker*, 119 R.I. at 741, 383 A.2d at 1008–09. The defendant then notes that, unlike the insured party in *Baker* who "chose not to include coverage of her motorcycle within her * * * policy," *id.* at 741, 383 A.2d at 1008, she and her husband attempted to obtain insurance for her husband's motorcycle from plaintiff and were refused. Apparently, defendant interprets this Court's holding in *Baker* to mean that, if the insurance company in that case had known that the defendant owned an uninsured vehicle, then it would have been responsible for providing uninsured motorist coverage for the defendant. Accordingly, defendant argues that because of her husband's failed attempt to insure his motorcycle through plaintiff, plaintiff knew that defendant's husband owned an uninsured or underinsured vehicle. The defendant contends that it was foreseeable that she might eventually file a claim for unin-

sured or underinsured motorist benefits under her policy with Nationwide, and that Nationwide, therefore, was responsible for providing underinsured motorist coverage to her.

This Court does not subscribe to defendant's interpretation of our holding in *Baker*. The Court's holding in that case does not indicate that a party may add vehicles to an insurance policy simply by informing the insurance company that those vehicles exist. Rather, this Court's reference in *Baker* to "constructive knowledge within the terms of [the defendant's] policy," *id.* at 741, 383 A.2d at 1009, merely indicates that if, within the terms of an insurance policy, an additional vehicle is eligible for coverage, then the insurance company may not deny coverage to that vehicle. The terms of defendant's policy here clearly exclude defendant from coverage for injuries sustained in an accident while occupying a family member's underinsured vehicle. Regardless of whether plaintiff knew that defendant's husband owned an underinsured motorcycle, plaintiff was not obligated to provide coverage for a vehicle that is excluded from coverage by the clear and unambiguous terms of the exclusionary clause.

The defendant additionally notes that one purpose of "owned but not insured" exclusionary clauses is "to prevent an insured from receiving coverage on all household cars or another uninsured car of the insured by merely purchasing a single policy * * *." *Bartlett v. Amica Mutual Insurance Co.*, 593 A.2d 45, 47 (R.I.1991) (quoting *Dairyland Insurance Co. v. Ward*, 83 Wash.2d 353, 517 P.2d 966, 969–70 (1974)). The defendant then asserts that, because her husband's motorcycle was insured, the circumstances of this case do not constitute an abuse that the exclusionary clause is intended to prevent. The motorcycle defendant occupied was under-

insured. If plaintiff is forced to provide coverage for the cost of defendant's injuries beyond what she received from her husband's policy on his motorcycle, then defendant will, in fact, receive coverage for all her household vehicles through a single policy.

The defendant also contends that "owned but not insured" exclusionary clauses do not serve a legitimate business purpose. According to the defendant, the plaintiff will not assume a significant amount of additional risk by covering her for injuries resulting from accidents involving a family member's vehicle. Given that the defendant is more likely to be at least an occasional passenger in a family member's vehicle, the Court is not persuaded by this argument. Regardless, the validity of the clause does not depend on whether it serves a legitimate business purpose or on its efficacy in reducing the number of claims made to the plaintiff. Rather, its validity depends on this Court's previous holdings that such clauses do not violate the stated purpose of § 27–7–2.1. *Dellagrotta*, 639 A.2d at 980–81; *Baker*, 119 R.I. at 741, 383 A.2d at 1008.

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.